LittletoN, Judge,
delivered the opinion of the court:
The facts have been set forth in the findings and need not be repeated in detail here. They show that plaintiff was inducted into the military, service as a private August 28, 1918, and assigned to the Development Battalion at Camp McClellan, Alabama, on November 9, 1918. He was assigned to Company A in that battalion in which he served until Camp McClellan and Battalion Company “A” were disbanded April 1, 1919. When Battalion Company “A” was disbanded, plaintiff was not discharged and he was unable to ascertain from his officer or anyone else where he belonged, what he should do, where he should go, or to locate any record for himself. He was never paid any amount as pay and allowances of a private in the United States Army, except thirty dollars for the first month after he was inducted into the military service.
After Camp McClellan was disbanded plaintiff sought and obtained private employment nearby and continued to work at whatever he could find to do until June 29,1925, when he *427 was arrested by tbe military authorities as a deserter from the Army. He was held under arrest and required to work every day for seventy-one days until he was tried 'by a general court-martial on the charge of violating the 58th article of war on the express specification that he had been a deserter from Company “D” Development Battalion at Camp McClellan. He was acquitted by the Board and wTas honorably discharged October 27, 1925.
The only defense to the claim is that it is barred by the statute of limitation.
With respect to the pay claimed by plaintiff for the period Jüne 29, 1925, when he was arrested and put to work at the Army Post at Fort Benning, Georgia, until October 27. 1925, when he was honorably discharged, and the $60 additional amount allowed by law upon discharge, the defendant claims that recovery of pay and allowances for this period is barred because the same was not included in the original petition. It is clear, however, that this claim of the defendant cannot be sustained.
Plaintiff’s original petition set forth that he was inducted into the Army in 1918 and served continuously in the military service as a private during the periods involved and until he was honorably discharged in October 1925, and that he was entitled to the pay and allowances allowed by law. This petition was filed within three years after the beginning of the period June to October 1925.
With respect to the pay and allowances claimed for the period August 28, 1918, to April 1, 1919, we are of opinion that plaintiff is entitled to recover. The Act of March 3, 1918, 40 Stat. 441, known as the Soldiers’ and Sailors’ Civil Belief Act, provided, so far as material here, as follows:
Sec. 101. (1) The term “persons in military service”, as used in this Act, shall include the following persons * * * : * * * all forces raised under the Act entitled “An Act to authorize the President to increase temporarily the Military Establishment of the United States”, approved May eighteenth, nineteen hundred and seventeen; * * * and members of any other body who have heretofore or may hereafter become a part of the military or naval forces of the United States.
*428 (2) The' term “period of military service”, as used in this Act, shall include the time between the following dates: For persons in active service at the date of the approval of this Act it shall begin with the date of approval of this Act; for persons entering active service after the date of this Act, with the date of entering active service. It shall terminate with the date of discharge from active service or death while in active service, but in no case later than the date when this Act ceases to be in force.
(4) The term “court”, as used in this Act, shall include any court of competent jurisdiction of the United States or of any State, whether or not a court of record.
(5) The term “termination of the war”, as used in this Act, shall mean the termination of the present-war by the treaty of peace as proclaimed by the President.
Sec. 102. The provisions of this Act shall apply to the United States, the several States and Territories, the District of Columbia, and all territory subject to the jurisdiction of the United States, and to proceedings commenced in any court therein, * * *.
Sec. 205. The period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action shall have accrued prior to or during the period of such service.
* ❖ ❖ # ❖
Sec. 603. This Act shall remain in force until the termination of the war, and for six months thereafter: Provided, That wherever under any section or provision of this Act a proceeding, remedy, privilege, stay, limitation, accounting, or other transaction has been authorized or provided, the due exercise or enjoyment of which may extend beyond the period herein fixed for the termination of this Act, such section or provision shall be deemed to continue in full force and effect so long as may be necessary to the exercise or enjoyment of the proceeding, remedy, privilege, stay, limitation, accounting, or transaction aforesaid.
Under this act the running of the statute of limitation against plaintiff was suspended until the President’s Proc *429 lamation was issued on November 14, 192Í, which was the termination of the war , within the meaning of the statute, or until May 14,1922, and for six months thereafter. Inasmuch as this proceeding was brought within six years after that date, the plaintiff is entitled to recover the full amount due for his military service.
Defendant contends, however, that the Soldiers’ and Sailors’ Civil Belief Act was terminated by virtue of the resolution of Congress of March 3, 1921, 31 Stat. 1359, which, so far as material here, was as follows:
In the interpretation of any provision relating to the duration or date of the termination of the present war or of the present or existing emergency, meaning thereby the war between the Imperial German Government and the Imperial and Boyal Austro-Hun-garian Government and the Government and people of the United States, in any Acts of Congress, joint resolutions, or proclamations of the President containing provisions contingent upon the duration or the date of the termination of such war or of such present or existing emergency, the date when this resolution becomes effective shall be construed and treated as the date of the termination of the war or of the present or existing emergency, notwithstanding any provision in any Act of Congress or joint resolution providing any other mode of determining the date of such termination.
With this we cannot agree. This Joint Besolution was intended only to repeal emergency legislation, to terminate the exercise of Executive authority under emergency legislation and to prevent the subsequent exercise of extraordinary powers unnecessary in connection with normal peacetime government functions. There had been a great deal of legislation expressly operative during “the present war”, or the “present emergency” or the “existing emergency”, etc. The Joint Besolution was designed to reach that class of legislation but it did not apply to the Soldiers’ and Sailors’ Civil Belief Act for the reason that this act was not made effective only for “the duration of the present war” or “during the present or existing emergency”, or “until the termination of the present war or of the present *430 existing emergency”, which is the language used in the Joint Besolution, but this act was effective “for the period of military service” of a soldier or sailor which extended to the date of honorable discharge, “but in no case later than the date when this Act ceases to be in force.” The act was “to remain in force until the termination of the war, and for six months thereafter”, and the phrase “the termination of the war” was specifically defined in the act as meaning “the termination of the present war by the treaty of peace as proclaimed by the President.” In order to support the defendant’s position, it would be necessary for the court to ignore the phrase “as proclaimed by the President.” This we cannot do.- Statutes effective until the termination of the war as so proclaimed by the President were clearly not included in the express language of the Joint Besolution of March 3, 1921. This view seems to be consistent with the understanding and intent of Congress, for, in the Act of March 4, 1923, 42 Stat. 510, the Congress terminated the right to make claims under subdivision 3 of section 302 of the Soldiers’ and Sailors’ Civil Belief Act (which section is not involved here) “unless the claim is successfully asserted in an action or proceeding, in a court of competent jurisdiction, commenced prior to the approval of this Act or within one year thereafter.” Had the Civil Belief Act been repealed within the Congressional understanding by the Joint Besolution of March 3, 1921, there would obviously have been no necessity for the Act of March 4, 1923.
Plaintiff is. entitled to recover the statutory pay and allowances to which he may be entitled for the periods August 28, 1918, to April 1, 1919, and June 29, 1925, to October 27, 1925, and the additional pay of $60 upon being honorably discharged on October 27, 1925. Judgment in favor of plaintiff will be entered upon the filing by the parties of a statement showing the amount due in accordance with this opinion. It is so ordered.
Whaley, Judge; Williams, Judge; GREEN, Judge; and Booth, Chief Justice, concur.